**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAUL E. RAMIREZ-GUERRERO,

    Petitioner,

    v.

ALBERTO GONZALEZ, et al.,

    Respondents.
_____/

No. C 04-3664 PJH

**ORDER TRANSFERRING CASE**

    On May 13, 2005, the government filed a notice of change of law, regarding the recently-enacted REAL ID Act of 2005, P.L. 109-13, Div. B, 119 Stat. 231 ("REAL ID Act"). Section 106(a) of the REAL ID Act amends section 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252, to provide:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).

The REAL ID Act is retroactive and thus, applies to currently pending habeas petitions. Pursuant to § 106(c) of the REAL ID Act, district courts are directed to transfer all pending habeas petitions filed under 28 U.S.C. § 2241 challenging a final administrative order of removal, deportation, or exclusion, to the court of appeals for the circuit in which a petition for review could have been properly filed. See § 106(c) of the REAL ID Act.

    Because Ramirez-Guerrero brought this habeas petition to challenge the legality of the final order of removal against him, the language of the REAL ID Act requires this court to transfer this case to the Ninth Circuit. Accordingly, the court hereby directs the clerk to

1 | TRANSFER this case.

2 | **IT IS SO ORDERED.**

3 | Dated: May 20, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge